IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JIMMY W. SHIFLET, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 6:04cv258 |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Came on this day for consideration the above-entitled and numbered cause of action. After careful consideration of the Plaintiff's *Memorandum Brief in Support of Plaintiff's Cause of Action* (Docket No. 7), *Defendant's Appeal Brief* (Docket No. 8), the transcript, and the entire record, the Court is of the opinion that the following order should issue.

### I. PROCEDURAL HISTORY

The Plaintiff, Jimmy W. Shiflet (hereinafter "Shiflet"), brought this action pursuant to 42 U.S.C. § 405(g) for a judicial review of a final decision of the Commissioner of Social Security (hereinafter "Commissioner") denying his claim for disability insurance benefits (hereinafter "DIB").

Shiflet filed an application for DIB under title XVI of the Social Security Act (hereinafter "SSA") on March 28, 2000, claiming disability beginning June 15, 1983, due to low back pain and an inability to read. A hearing was held on September 21, 2001, before

Administrative Law Judge (hereinafter "ALJ") Linda Carter. The Plaintiff appeared and testified at the hearing. Also present at said hearing was Russell Bowden, a vocational expert (hereinafter "VE").

On October 26, 2001, the ALJ issued a decision that found that the Plaintiff was not disabled. After a properly-filed appeal, the Appeals Council concluded that no basis existed for review of the ALJ's decision. Accordingly, the ALJ's decision became the final decision of the Commissioner for the purposes of this Court's review pursuant to 42 U.S.C § 405(g). The appeal is now ripe for consideration.

## II. STANDARD OF REVIEW

In reviewing the decision of the Commissioner, this Court's role is limited to the following issues:

(1)     Whether the final decision is supported by substantial evidence; and

(2)     Whether proper legal standards were used to evaluate the evidence. [1]

42 U.S.C. § 405 (g); *Brown v. Apfel,* 192 F.3d 492 (5th Cir. 1999) (quoting *McQueen v. Apfel,* 168 F.3d 152, 157 n.2 (5th Cir. 1999)); *see also Anthony v. Sullivan,* 954 F.2d 289, 292 (5th Cir. 1992); *Haywood v. Sullivan,* 888 F.2d 1463, 1466 (5th Cir. 1989); *Hollis v. Bowen,* 837 F.2d 1378, 1382 (5th Cir. 1988).

When applying the "substantial evidence" standard, this Court must scrutinize the record to determine if there is, in fact, such evidence present in the record. *Haywood,* 888

---

[1]     It should be noted that the Court has carefully and completely reviewed the entire record as required in such cases. *See Moore v. Sullivan,* 919 F.2d 901, 904 (5th Cir. 1990).

F.2d at 1466.   Substantial evidence means more than a mere scintilla, but less than a preponderance.   "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 228, 59 S.Ct. 206, 83 L.Ed. 126 (1938)).

As specifically defined by the Fifth Circuit with regard to social security cases, "substantial evidence" is:

> Such evidence as a reasonable mind might accept as adequate to support a conclusion.  It must do more than create a mere suspicion of the existence of the fact to be established, but "no substantial evidence" will be found only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence."

*Haywood*, 888 F.2d at 1466.

"Disability" is defined as an inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment that is expected to result in death or last for twelve or more months.  *Id.*  An individual applying for disability bears the initial burden of proving that he or she is disabled.  *Id.*  Once this original burden is satisfied, the Commissioner bears the burden of "establishing that the claimant is capable of performing substantial gainful activity and, therefore is not disabled."  *Id.*  In determining whether or not a claimant is capable of performing substantial gainful activity, the Commissioner utilizes the five-step sequential procedure set out in 20 C.F.R. § 416.920 (b)(f).

The steps are as follows:

(1)     An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings, age, education and work experience.

(2)     An individual who does not have a "severe impairment" will not be found to be disabled.

(3)     An individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors.

(4)     If an individual is capable of performing the work he has done in the past, a finding of "not disabled" will be made.

(5)     If an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and residual functional capacity will be considered to determine if the individual can perform any other kind of substantial gainful employment according to the Medical-Vocational Guidelines as set forth by the Secretary.

*Id.*; *Brown v. Apfel,* 192 F.3d 492, 498 (5th Cir. 1999) (quoting *Leggett v. Chater,* 67 F.3d 558, 564 n. 2 (5th Cir. 1995)); *see also Selders v. Sullivan,* 914 F.2d 614, 618 (5th Cir. 1990).

The claimant bears the burden of proof on the first four parts of the inquiry. *Leggett,* 67 F.3d at 564. The burden then shifts to the Commissioner on the fifth prong. *Greenspan v. Shalala,* 38 F.3d 232, 236 (5th Cir. 1994). This shifting of the burden of proof to the Commissioner is neither statutory nor regulatory, but instead, originates from judicial practices. *See Brown,* 192 F.3d at 498 (citing with approval *Walker v. Bowen,* 834 F.2d 635, 640 (7th Cir. 1987) ("The shifting of the burden of proof is not statutory, but is a long-standing judicial gloss on the Social Security Act.").

On an appeal from the Commissioner's decision, the Court is not to reweigh the evidence, try the issues *de novo,* or substitute its judgment for that of the Commissioner. *Id.*; *Johnson v. Bowen,* 864 F.2d 340, 343 (5th Cir. 1988); *Neal v. Bowen,* 829 F.2d 528, 530 (5th Cir. 1987). Further, "[i]f the [Commissioner's] findings are supported by substantial evidence, they are conclusive and must be affirmed." *Brown,* 192 F.3d 492 (5th Cir. 1999) (quoting *Selders v. Sullivan,* 914 F.2d 614, 617 (5th Cir. 1990)); *see also* 42 U.S.C. § 405(g). "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve" *Selders,* 914 F.2d at 617. What we strive for is "[j]udicial review [that is] deferential without being so obsequious as to be meaningless." *Taylor v. Bowen,* 782 F.2d 1294, 1298 (5th Cir. 1986).

## III. THE ALJ'S FINDINGS

In the instant case, the ALJ made the following findings:

(1)    The claimant met the special insured requirements set forth in Section 216(i) of the Social Security Act on June 15, 1983, the date the date the claimant stated he became unable to work, and continues to meet them only through December 31, 1989. These dates delineate the relevant period of this decision.

(2)    The claimant did not engage in substantial gainful activity during the relevant period.

(3)    The claimant's chronic low back pain with documentation of possible herniated nucleus pulposus was a severe impairment (20 C.F.R. § 404.1521).

(4)    This medically determinable impairment did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4, during the relevant period.

(5)    The credible medical and all other evidence required to be considered do not show an underlying medical condition(s) so intense as to be

productive of symptoms that would have have [sic] precluded all work activity during the relevant period, and the claimant's testimony and that of his wife is not credible in supporting work activity limitations to the extent alleged.

(6)     The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairment (20 C.F.R. § 404.1527).

(7)     The claimant has the residual function capacity to sit/stand up to thirty minutes at a time in a low stress work environment with simple repetitive job instructions without reading/writing other than dates, repetitive words, signatures, or check marks.

(8)     The claimant is unable to perform any of his past relevant work (20 C.F.R. § 404.1565).

(9)     The claimant was a "younger individual between the ages of 18 and 44" during the relevant period (20 C.F.R. § 404.1563).

(10)    The claimant has "a limited education" and has a limited ability to read and write (20 C.F.R. § 404.1564).

(11)    The claimant has no transferable skills from skilled work previously performed  (20 C.F.R. § 404.1568).

(12)    The claimant had the residual functional capacity to perform a significant range of unskilled sedentary work with a sit/stand option during the relevant period (20 C.F.R. § 416.967).

(13)    Although the claimant's additional limitations did not allow him to perform the full range of sedentary unskilled work, using Medical - Vocational Rule 201.25 as a framework for decision making, there is a significant number of jobs in the national economy that he could have performed.  Examples of such jobs include 15 quality control/inspection occupations as a lens inspector, film inspector, and button inspector representing 6,000 jobs in Texas and 60,000 jobs in the nation.

(14)    The claimant was not under a "disability," as defined in the Social Security Act, at any time during the relevant period ending December 31, 1989

*TR*. at 18-19.

The Court has completely and carefully reviewed the parties' briefs and the transcript and has determined that there is substantial evidence in the record to support the ALJ's findings.

## IV. ANALYSIS

In his brief, the Plaintiff alleges five points of error:

(1)     The ALJ improperly found the Plaintiff did not meet a Listing in this case;

(2)     The ALJ did not properly consider the Plaintiff's subjective complaints regarding his pain;

(3)     The ALJ failed to properly assess Plaintiff's RFC;

(4)     The ALJ failed to articulate the reasons for discrediting his complaints; and

(5)     The Plaintiff contends the he was not properly informed of his right to counsel.

*See Pl.'s Br.* 1-2.

As previously mentioned, the Court's role is limited to whether:

(1)     Whether the final decision is supported by substantial evidence; and

(2)     Whether proper legal standards were used to evaluate the evidence.

42 U.S.C. § 405 (g); *Brown v. Apfel,* 192 F.3d 492 (5th Cir. 1999) (first alteration in the original) (quoting *McQueen v. Apfel,* 168 F.3d 152, 157 n.2 (5th Cir. 1999)); *see also Anthony v. Sullivan,* 954 F.2d 289, 292 (5th Cir. 1992); *Haywood v. Sullivan,* 888 F.2d 1463, 1466 (5th Cir. 1989); *Hollis v. Bowen,* 837 F.2d 1378, 1382 (5th Cir. 1988).

With the appropriate standard of review in mind, the Court will now discuss each of the Plaintiff's points of error.  First, the Plaintiff contends that the ALJ improperly found that

he did not meet a Listing in this case.  The burden to show a Listing level impairment rests on the Plaintiff.  A claimant, such as the Plaintiff, must provide findings that support each of the criteria for the equivalence determination. *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990) (citing *Sullivan v. Zebley*, 493 U.S. 521 (1990)).  For the Plaintiff to show that his impairment matches a Listing, it must meet all of the specified criteria. *Id.*  An impairment that manifests only some of the criteria, no matter how severely, does not qualify. *Id.*  It is claimant's burden to prove his condition meets a listed impairment. *Id.*

In her decision, the ALJ specifically noted that she considered the Listings under 1.05C and found that the Listing was not met. *Tr.* at 16.  Further, the Plaintiff offers no discussion of the criteria contained in any of the Listings in his argument, or which Listing he believes that he has met in this case.  Accordingly, the Plaintiff's first point of error is without merit.

Next the Plaintiff contends that the ALJ did not properly consider his subjective complaints regarding his pain.  It is well-settled that an ALJ cannot ignore altogether a claimant's subjective complaints of pain. *See Bowling v. Shalala*, 36 F.3d 431, 438 (5th Cir. 1994); *Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991).  However, an ALJ satisfies the requirement to make affirmative findings regarding a claimant's subjective complaints by expressly rejecting the claimant's allegations that his pain was of a disabling nature. *See Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994).  Under the law, it is not mandatory for an ALJ to accept every voiced complaint as accurate, or benefits would be available merely

for the asking, a result plainly contrary to the purpose of the Social Security Act.  *See Scharlow v. Schweiker*, 655 F.2d 645, 648 (5th Cir. 1981).

In her decision, the ALJ specifically addressed the Plaintiff's contentions of disabling pain, and found, based upon a review of the medical evidence and the remaining record, that Plaintiff's pain was not in itself totally disabling.  It is not disputed that the Plaintiff experiences discomfort due to his impairments, but the mere presence of impairments is not disabling *per se*; to establish disability, there must be a showing of functional impairment which would preclude substantial gainful activity.  *See Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983).

The Court finds that the ALJ utilized the proper legal standard in regard to this point of error.  Therefore, relief is denied on this point of error.

The third contention by the Plaintiff is that the ALJ failed to properly assess his Residual Function Capacity (hereinafter "RFC").  Specifically, the Plaintiff states in his brief that the ALJ failed to provide vocational expert testimony regarding the availability of other types of work which the Plaintiff could perform.  *See Pl.'s Br.*, at 43.  The record clearly shows that the ALJ did seek the testimony of a vocational expert, and relied upon the answers in reaching his conclusions. *Tr.* 40-45

If the claimant proves that he cannot perform his past work at step four of the sequential evaluation process, then at the fifth step, the Commissioner has the burden of going forward with evidence that the claimant is able to perform other work in the national

economy, either by relying on a vocational expert's testimony or by use of the medical-vocational guidelines. *See Perez v. Heckler*, 777 F.2d 298, 300-01 (5th Cir. 1985).

If the Commissioner meets this burden, the claimant must then prove that he, in fact, cannot perform the alternate work. *See Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990); *Harrell v. Bowen*, 862 F.2d 471, 479 (5th Cir. 1988).

A review of the record shows that the ALJ properly elicited testimony from a vocational expert and relied upon such testimony in reaching his conclusions.  The ALJ found that, as a result of his impairments, including the limitations based upon his alleged pain, that the Plaintiff could perform a restricted range of sedentary level work activity. *Tr.* at 17.

Since the Plaintiff could not perform a full range of work activity, the ALJ relied upon vocational evidence in reaching her conclusions. *Tr.* at 17, 19. *See* SSR 83-12 ("Where the extent of erosion of the occupational base is not clear, the [ALJ] will need to consult a vocational resource.").

As stated earlier, Russell Bowden, a vocational expert, was present at the hearing.  In her decision, the ALJ found the Plaintiff limited to the performance of a restricted range of sedentary work with the following restrictions: sit and stand for up to 30 minutes at a time; a low stress, repetitive job as a result of his possible distractions from pain; no work requiring reading or writing other than dates, repetitive words, signatures, or check marks due to illiteracy. *Tr.* 16-17.

Russell Bowden testified that these restrictions would preclude the performance of the Plaintiff's past relevant work, but would not preclude the performance of the following positions; control/inspection positions including lens inspector, film inspector, and button inspector, representing 6,000 jobs in Texas, and 60,000 nationally. *Tr.* at 19.  The VE's testimony constitutes substantial evidence to support the ALJ's decision.  Because the hypothetical question articulated by the ALJ reasonably incorporated the restrictions and impairments supported by the record, the ALJ properly relied upon that testimony to deny Plaintiff's claim for disability. *See Bowling v. Shalala*,  36 F.3d 431, 436 (5th Cir. 1994).

It is apparent from the record that the ALJ fully considered Plaintiff's subjective complaints of pain and placed substantial restrictions on the Plaintiff's ability to perform work activities as a result.  Accordingly, the Court finds that the ALJ properly assessed the Plaintiff's RFC, and relief should be denied on this point as well.

The fourth contention by the Plaintiff is that the ALJ failed to articulate the reasons for discrediting the Plaintiff's subjective testimony.  At the hearing, the Plaintiff testified that he was able to sit for 45 minutes to an hour before needing to get up and move about. *Tr.* at 245.  The Plaintiff also noted that he did not require the use of any assistive devices for standing and walking during the relevant time frame. *Tr.* at 244.  The Plaintiff reported that he engaged in oil painting, and sometimes went fishing, but had to fish from shore due to an inability to go in the boat. *Tr.* at 255.  The Plaintiff also stated that he had difficulty sleeping due to his pain. *Tr.* at 256.  Further, the Plaintiff also testified that he helped some with the housework and shopping during that time. *Tr.* at 259.

-11-

Taking all of this evidence into account, the Court finds that the Plaintiff's activities are not inconsistent with the ability to perform sedentary level work activity. *See Leggett v. Chater*, 67 F.3d 558, 565 (5th Cir. 1995).

In her decision, the ALJ limited the Plaintiff's lifting ability to the sedentary level and his job performance to no reading or writing other than dates, signatures, repetitive words, or check marks. *Tr.* at 46. The only real difference between the ALJ's findings of limitation, and the limitations testified to by the Plaintiff, appears to be the ultimate conclusion as to whether the Plaintiff could work with the limitations to which he testified.

The final responsibility for the determination of (1) an individual's RFC, (2) whether an individual's RFC prevents her from doing past relevant work, and (3) the ultimate question of whether an individual is "disabled" under the Act are issues that are reserved to the Commissioner. 20 C.F.R. § 404.1527. *Tamez v. Sullivan*, 888 F.2d 334, 336 n.1 (5th Cir. 1989).

It is well established that the Court "may not re-weigh the evidence in the record, nor try the issues *de novo* ..." *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994). The Court cannot place itself in the "fact-finding business." *See Richardson*, 402 U.S. at 399. As such, the Court must give considerable deference to the ALJ's findings. *Id.*

The Court finds that the ALJ's conclusion that the Plaintiff could perform sedentary level work is consistent with the evidence of record, and constitutes an appropriate resolution of any conflicts in the evidence. *Richardson,* 402 U.S. at 399; *Lovelace,* 813 F.2d at 59. Relief is denied on this point.

-12-

The final point of error by the Plaintiff is that he was not properly informed of his right to counsel.  This contention is affirmatively contradicted by the record.   A review of the hearing transcript clearly shows that the ALJ extensively discussed and attempted to make clear the importance of the hearing and the possibly complicated issues that are involved.  *Tr.* at 228-239.  The ALJ discussed the way attorneys fees work with the fee being withheld from benefits once a claim is awarded, and also the possibility of using legal aide groups in order to secure representation.   The Plaintiff then knowingly and voluntarily waived his right to the same *Tr.* at 236-239.  Accordingly, relief is denied on this point of error as well.

## V. CONCLUSION

In light of the Court's extensive review of the record in this case, the Court finds that the record contains substantial evidence that supports the ALJ's determination that the Plaintiff is not disabled.  Further, the Court finds that the ALJ utilized the appropriate legal standards of review in reaching her decision in this matter.  As such, the ALJ's findings must be affirmed.

It is therefore

**ORDERED** that the ALJ's October 26, 2001 decision that the Plaintiffis not entitled to a period of disability or disability insurance benefits under the Social Security Act is hereby **AFFIRMED.**

It is further

**ORDERED** that any other relief not herein expressly granted is hereby **DENIED**.

It is further

     **ORDERED** that this case is **CLOSED.**

**SIGNED this 17th day of March, 2006.**


_____
WILLIAM M. STEGER
UNITED STATES DISTRICT JUDGE